James R. BJORKLUND, an individual, Plaintiff-counter-defendant— Appellant,

v.

NORTH AMERICAN COMPANIES FOR LIFE AND HEALTH INSURANCE, an Illinois Corporation, esa North American Company for Life and Health Insurance, Defendant-counter-claimant—Appellee.

No. 02–56382.

D.C. No. CV–01–00500–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided July 23, 2003.

Before REINHARDT, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM *

James Bjorklund appeals from the district court's order granting summary judgment in favor of North American Companies for Life and Health Insurance ("North American") on Bjorklund's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair competition.[1] The facts are known to the parties and will not be repeated herein except as necessary.

■ The district court granted summary judgment to North American because it found that Bjorklund's claims for breach of an insurance contract were barred by the applicable statutes of limitations.[2] *See* Cal.Code Civ. Pro. §§ 337, 339(1); Cal. Bus. & Prof.Code § 17208. We disagree.

In California, a cause of action for breach of contract accrues at the time of breach, which then starts the limitations period running. *Cochran v. Cochran,* 56 Cal.App.4th 1115, 1120, 66 Cal.Rptr.2d 337 (1997). Pursuant to the contract at issue here, Bjorklund could surrender the policy at any time prior to its maturation, at which time North American was called upon to tender the cash value of the policy as of that date. Bjorklund attempted to surrender the policy in a letter dated July 29, 1999, demanding payment in the amount of approximately $834,000.00. North American refused to pay that amount, and it is that refusal that constitutes the alleged breach.

■ North American points to the annual statements Bjorklund received, and the value assessments in those statements that are inconsistent with the amount he claims he was owed. Those statements are best viewed as an anticipatory repudiation of the contract, however, and under California law, anticipatory repudiation does not trigger the statute of limitations for breach. As explained by the California Supreme Court in *Romano v. Rockwell Int'l, Inc.,* 14 Cal.4th 479, 59 Cal.Rptr.2d 20, 926 P.2d 1114 (1996), when a party to a contract repudiates his or her obligations prior to the time for performance, the counter-party may either disregard the repudiation and wait until the time for performance, or he or she may treat the repudiation as an anticipatory breach and seek damages immediately. *See id.* at 489, 59 Cal.Rptr.2d 20, 926 P.2d 1114. "Most significantly, ... in the event the plaintiff disregards the repudiation, the statute of limitations does not begin to run until the time set by the contract for performance." *Id.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In addition to the district court's decision to grant summary judgment in favor of North American, Bjorklund also appeals from orders of the district court (1) denying in part his motion to compel an answer to special interrogatory no. 8; and (2) denying his motion to change venue. Finding no error in the record, we affirm the district court's rulings with respect to those motions.

2. Applying the "discovery rule", the district court found that Bjorklund was on notice of the alleged discrepancy in the contract in 1990, and therefore his claim, brought in California Superior Court in 2001, was time barred. The discovery rule modifies the common law rule that an action accrues on the date of injury. *See El Pollo Loco. Inc. v. Hashim,* 316 F.3d 1032, 1038–39 (9th Cir. 2003); *Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 1109, 245 Cal.Rptr. 658, 751 P.2d 923 (1988). The clock begins to run on the date of injury, or on the date a plaintiff knows or should know of such injury, whichever is later. *El Pollo Loco, Inc.,* 316 F.3d at 1038–40. In this case, the district court does not appear to have considered when the date of injury—the alleged breach of contract—occurred.

Applying these principles to the case at hand, North American is not alleged to have breached the contract until 1999 or 2000, when it refused to surrender the amount Bjorklund demanded. The causes of action for breach of contract, breach of implied covenant of good faith and fair dealing, and unfair business practices, did not accrue until that time, and Bjorklund's claims, therefore, are not barred by the applicable statutes of limitations. Because a triable issue of fact exists as to whether North American breached the agreement, we reverse and remand to the district court for further proceedings not inconsistent with this opinion.

**AFFIRMED in part, REVERSED in part, and REMANDED.**